UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FAITH ANDREA MORRISON,

                                    Plaintiff,

          -vs-

BUFFALO BOARD OF EDUCATION, et al.,

                                    Defendants.

Case No. 15-CV-800-FPG

_____

YAMILETTE WILLIAMS,

                                    Plaintiff,

          -vs-

BUFFALO BOARD OF EDUCATION, et al.,

                                    Defendants.

Case No. 15-CV-255-FPG

_____

**MEMORANDUM OF LAW FOR NEW YORK STATE EDUCATION
DEPARTMENT AS AMICUS CURIAE**

LETITIA JAMES
 *Attorney General*
 *State of New York*
Attorney for Amicus Curiae State
Education Department

JEFFERY W. LANG
 *Deputy Solicitor General*
OWEN DEMUTH
 *Assistant Solicitor General*
MATTHEW D. BROWN
*Assistant Attorney General*
      *of Counsel*

The Capitol
Albany, New York 12224
(518) 776-2053

Dated: January 20, 2022

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................ii

PRELIMINARY STATEMENT ............................................................ 1

STATUTORY AND REGULATORY BACKGROUND ............................ 2

FACTS ............................................................................................. 6

ARGUMENT .................................................................................... 8

POINT I ........................................................................................... 8

SED's Regulations Permit Plaintiffs To Obtain the Proper
Certification for Their District Leader Positions With an
Internship Certificate ................................................................. 8

POINT II .......................................................................................... 12

The School District's Contrary Arguments Are Without Merit  12

CONCLUSION ................................................................................. 17

# TABLE OF AUTHORITIES

**Cases**                                                         **Page(s)**

*Auer v. Robbins,*
    519 U.S. 452 (1997) ............................................................... 9

*Matter of Bradford Cent. School Dist. v. Ambach,*
    56 N.Y.2d 158 (1982) ........................................................ 2, 3

*Morrison v. Buffalo Bd. of Educ.,*
    741 F. App'x 827 (2d Cir. 2018) ....................................... 7

*Mullins v. City of New York,*
    653 F.3d 104 (2d Cir. 2011) .............................................. 9

*Williams v. Buffalo Pub. Sch.,*
    758 F. App'x 59 (2d Cir. 2018) .......................................7-8


**State Statutes**

Education Law
    § 301 ................................................................................... 2, 5
    § 305(2) .................................................................................. 2
    § 310 .................................................................................... 10
    § 3001(2) ............................................................................... 2
    § 3004 .................................................................................... 3
    § 3004(1) ........................................................................... 2, 3
    § 3009 .................................................................................... 2
    § 3010 .................................................................................... 2

**State Regulations**                                          **Page(s)**

8 N.Y.C.R.R.

§ 7.1 ......................................................................................... 5

§ 52.21 ...................................................................................... 3

§ 52.21(c)(3) ............................................................................. 4

§ 52.21(c)(3)(v)(a)(3) ............................................................. 14

§ 80 ........................................................................................... 3

§ 80-3.10(b) .................................................................... 4, 7, 11

§ 80-3.10(b)(2) .......................................................................... 4

§ 80-3.10 (b)(2)(i) .................................................................... 5

§ 80-3.10 (b)(2)(ii) ................................................................... 5

§ 80.5.9 ......................................................................... 1, 9, 17

§ 80-5.9(a) ...................................................................... 5, 13

§ 80-5.9(b) ............................................................................... 6

§ 80-5.9(c) ............................................................................... 9

§ 80-5.15 ....................................................................... 5, 13

§ 80-5.15(a)(2)(iii) ................................................................ 15

**Miscellaneous Authorities**

http://www.highered.nysed.gov/tcert/certificate/exp/leadershi
   p-school-district.html ...................................................... 12

**Administrative Decisions**

*Matter of Coughlin*, (Decision No. 14,751, June 26, 2002) ......... 10, 13, 16

iii

## PRELIMINARY STATEMENT

The State Education Department (SED) submits this memorandum of law as amicus curiae in this action. Plaintiffs are two school district administrators formerly employed with defendant Buffalo City School District (the School District) who challenge their termination based on the alleged breach of their employment contracts by failure to maintain the proper certification for their positions. Plaintiffs were both terminated despite having an Internship Certificate, a type of certificate established by SED regulation, *see* 8 New York Code, Rules and Regulations (N.Y.C.R.R.) § 80-5.9, which allows certification for candidates enrolled in a school district leadership preparation program prior to completing such programs.

By order entered November 2, 2021, this Court invited SED to offer its interpretation of the SED regulation and its meaning and scope.

For the reasons set forth here and in the accompanying declaration of SED Deputy Counsel Aaron M. Baldwin, it is the Department's view that the Internship Certificate issued to the respective plaintiffs was an acceptable certification allowing them to serve in their roles as school district leaders.

## STATUTORY AND REGULATORY BACKGROUND

As part of SED's statutory mandate to license professional education programs and oversee the public schools, *see* Education Law §§ 301, 305(2), SED requires school district administrators to obtain appropriate certification. SED in turn authorizes programs that provide graduate education leading to various types of professional certificates for different types of positions.

Specifically, to be eligible for employment in New York as a public school teacher or administrator, an individual must hold a New York State certificate. *See* Education Law §§ 3001(2) ("No person shall be employed or authorized to teach in the public schools of the state who is . . . [n]ot in possession of a teacher's certificate issued under the authority of this chapter"); 3009 (prohibiting the use of school funds to pay unqualified teachers); 3010 (making it a misdemeanor for a trustee or member of a Board of Education to allow payment of an unqualified teacher's salary from district funds); *see also Matter of Bradford Cent. School Dist. v. Ambach*, 56 N.Y.2d 158, 163 (1982) ("a teacher who is not certified by the State is unqualified as a matter of law and cannot be employed or paid"). Education Law § 3004(1) vests in the Commissioner

2

of Education exclusive authority to adopt regulations, subject to the approval of the Board of Regents, setting forth the certification requirements for "teachers employed in all public schools of the state." *See also Matter of Bradford Cent. School Dist.*, 56 N.Y.2d at 165 ("The Commissioner of Education is authorized by section 3004 of the Education Law to prescribe regulations, with the approval of the Board of Regents, governing certification of teachers and to award certification to those meeting the requirements.").

Part 80 of the Commissioner's regulations, *see* 8 N.Y.C.R.R. Part 80, sets forth the requisite education, experience, and examination requirements as well as the other qualifications necessary to obtain certification in New York, and § 52.21 sets forth the requirements for registration of curricula in educator preparation programs.

Generally, candidates who are enrolled in an educator preparation program cannot obtain their initial or professional certification until after they complete their program. However, candidates may pursue Internship, Residency or Transitional Certificates, as applicable, to allow

them to obtain certification (and therefore work in a public school) prior to completing their educator preparation programs.

One of the certificate titles offered is for a "school district leader" (SDL), which SED's regulations define as a "[s]uperintendent of schools, district superintendent, deputy superintendent, associate superintendent, assistant superintendent, and any other person having responsibility for general district-wide administration (except those responsibilities defined for school district business leaders)." 8 N.Y.C.R.R. § 52.21(c)(3). The regulations also define eligibility for the SDL educator preparation program as well as program goals and curricula. *See* 8 N.Y.C.R.R. § 80-3.10(b) (setting forth the educational program requirements necessary to obtain a professional certificate in school district leadership).

The provisions of 8 N.Y.C.R.R. § 80-3.10(b)(2) set forth the means by which an individual may obtain a professional (i.e., continuously valid) certificate as a school district leader (8 N.Y.C.R.R. § 80-3.10 (b)(2)). The regulations provide for a professional certificate as a school district leader and provide three avenues for obtaining this certificate: (1) satisfaction of the education, experience, and examination requirements,

(*see* § 80-3.10 (b)(2)(i); or (2)), meeting the requirements set out in § 80-5.15 (requirements for transitional D certificate),  (*see* § 80-3.10 (b)(2)(ii);) or (3) Commissioner approval of exceptionally qualified persons, (*see* § 80-3.10 (b)(2)(ii)). Each of these leads to a professional certificate, which is continuously valid.

In addition to professional certificates granted upon SDL preparation program completion and satisfaction of all other requirements, SED authorizes time-limited certificates for those who are currently enrolled in such programs, but who have not yet completed the program at the time they begin their employment. *See* Education Law § 301; 8 N.Y.C.R.R. § 7.1. The certificate at issue here is an "Internship Certificate," which may be issued for a candidate in a "registered or approved graduate program of teacher education, school leadership, school counseling, or school psychology which includes an internship experience(s)." 8 N.Y.C.R.R. § 80-5.9(a). If a candidate in one of these programs has completed at least one-half of the semester hour requirement for the program, the candidate may be issued the Internship Certificate. The certificate shall only be issued to those persons "enrolled

in registered or approved programs that include appropriate supervision"
of the candidate participating in the internship. 8 N.Y.C.R.R. § 80-5.9(b).

## FACTS

Plaintiffs Faith Morrison and Yamilette Williams were hired by the
School District in 2013. Williams was hired as the Chief of Curriculum,
Assessment and Instruction, and Morrison was hired as a Chief of School
Leadership. Both jobs entail extensive leadership, supervisory, and
oversight duties over multiple school buildings within the School District.
At the relevant time, plaintiffs were enrolled in a school district
leadership preparation program at SUNY Oswego, which upon
completion satisfies the education requirements for an SDL professional
certificate.

The central issue in this case concerns plaintiffs' compliance with a
term of their employment contracts, which provided that if either
plaintiff "fail[ed] to maintain any certifications or qualifications required
of his position (*i.e.* qualifications required by the Department of Civil
Service or State Education Department), then this agreement shall
immediately become null and void."

6

At the time they were hired, plaintiffs had not yet completed their SDL preparation programs. Accordingly, plaintiffs were required to obtain a time-limited certificate that would properly certify them to serve in their administrator positions until they could apply for a professional certificate under 8 N.Y.C.R.R. § 80-3.10 (b).

However, there was confusion to which temporary certificate would suffice—either a Transitional D Certificate or an Internship Certificate. Plaintiffs ultimately (and on the advice of SED and certain district officials) obtained SDL Internship Certificates. The School District later determined, however, that Internship Certificates were not, in its view, sufficient to satisfy plaintiffs' contractual obligations to maintain certifications required of their positions and terminated them.

Plaintiffs sued the School District for breach of contract in 2015. The School District moved to dismiss the complaints, which motion was granted by this Court. The Second Circuit reversed, holding that because the School District had not identified which certification plaintiffs were obligated but failed to obtain, plaintiffs had set forth a reasonably plausible cause of action for breach of contract. *See Morrison v. Buffalo Bd. of Educ.*, 741 F. App'x 827, 829 (2d Cir. 2018); *Williams v. Buffalo*

*Pub. Sch.*, 758 F. App'x 59 (2d Cir. 2018)

On remand, this Court issued an order inviting SED to appear in the case as amicus curiae and file a brief "setting forth its formal position on the meaning, purpose, and scope of the Internship certificate and Section 80-5.9." The Court asked SED to address specifically "whether and how the Internship certificate applies to high-level, full-time administrative personnel who supervise other employees, and to explain its ostensibly unqualified statement that 'the Internship certificate enables candidates to work in a New York State public school in the area of the certificate title for their internship experience.'" ECF No. 99-3 at 4. The Court permitted SED to address any other issue the parties or the Court had raised concerning the proper interpretation of § 80-5.9. *Id.*; *See generally* ECF No. 156 (text order).

## ARGUMENT

## POINT I

### SED'S REGULATIONS PERMIT PLAINTIFFS TO OBTAIN THE PROPER CERTIFICATION FOR THEIR DISTRICT LEADER POSITIONS WITH AN INTERNSHIP CERTIFICATE

The plaintiffs, having been issued School District Leader Internship Certificates pursuant to 8 N.Y.C.R.R. §80.5-9, were properly

certified to perform all of the duties of a School District Leader under New York State law and regulations.

It is well settled that courts must defer to an agency's interpretation of the regulations it is charged with enforcing unless that agency's interpretation is "plainly erroneous or inconsistent with" the regulation. *Auer v. Robbins*, 519 U.S. 452, 461 (1997). The agency's interpretation "is entitled to controlling deference, even if articulated in an amicus brief." *Mullins v. City of New York*, 653 F.3d 104, 114 (2d Cir. 2011).

Here, SED has reasonably and consistently interpreted its "Internship Certificate" regulation to permit school district leaders, such as plaintiffs, to satisfy the certification requirement for their positions by obtaining this form of certificate. The regulation at issue makes persons eligible for such certificate so long as they are "in a registered or approved graduate program" and have completed at least one-half of the semester-hour requirements for the program. 8 N.Y.C.R.R. § 80-5.9(c). There is no dispute that plaintiffs fulfilled this requirement. And the School District points to no regulation or other authority that disqualifies an Internship Certificate simply because the position at issue is a school district leader position.

9

The Department's official interpretation of its regulations is often embodied in the Board of Regents' items, guidance posted on SED's official websites, and decisions of the Commissioner of Education, such as those deciding appeals to her under Education Law § 310 from the decisions of a local board of education. Board of Regents' items regarding the Internship Certificate and related topics (as provided to the parties in this lawsuit in response to non-party discovery demands) have consistently reflected that such certificate "authorizes a student's placement in a school district to serve an internship" (2009 Item at Exhibit A) and "enables candidates to work in a New York State public school in the area of the certificate title for their internship experience" (2021 Item – Exhibit B).

Consistent with SED's position, in response to email questions from defendant School District, a supervisor in SED's Office of Teaching Initiatives referred the defendant's Chief of Talent Management to the Commissioner's decision in *Appeal of Coughlin* (41 Ed Dept Rep 484, Decision No. 14,751), in which the Commissioner explained that "an internship certificate is recognized by the State Education Department as a valid credential authorizing the holder to act within the area of

10

service for which the certificate is valid." *See* Exhibit C hereto (March 2014 email string).

Thus, plaintiffs' respective SDL Internship Certificates were an acceptable certificate authorizing them to perform the duties of their positions with defendants as far as the Department is concerned. And as the Court correctly noted, "nothing precludes [SED] from defining an internship to encompass full-time supervisory positions." ECF No. 140, at 3-4.

The fact that plaintiffs were employed as "high-level, full-time administrative personnel who supervise other employees" does not change the Department's view that the Internship Certificates qualified plaintiffs for their positions. Information on SED's website confirms that a school district leader's duties primarily include "general district-wide administration." 8 N.Y.C.R.R. 80-3.10(b). Moreover, guidance from SED's Office of Teaching Initiatives notes that a school district leader's key responsibilities include the supervision and evaluation of staff, specifically:

- Responsibility for the hiring and retention of certified professional personnel.

- Responsibility for the pedagogical supervision and performance evaluation of certified personnel.

- Responsibility for budget preparation and implementation. This does not include being given discretion to spend minor sums of money on departmental supplies, such as papers, pens, and chalk.

- Responsibility for curriculum development and supervision of its implementation.

*See* http://www.highered.nysed.gov/tcert/certificate/exp/leadership-school-district.html.

## POINT II

### THE SCHOOL DISTRICT'S CONTRARY ARGUMENTS ARE WITHOUT MERIT

The School District presents three arguments purporting to explain why plaintiffs' SDL internship certificate is insufficient to satisfy their certification requirement. They claim that (1) SED's regulations foreclose plaintiffs from working at their particular jobs under an Internship Certificate; (2) the positions for which plaintiffs were hired were of such high rank that it was not possible to provide them with "appropriate supervision" as required by the Internship Certificate regulation, nor could plaintiffs properly supervise others as mere "interns"; and (3) SED, according to the School District, agrees with its position, based on an email from a SED employee who told a district official without

elaborating that plaintiffs could not work under an Internship Certificate. All three arguments are without merit.

First, as discussed above, nothing in SED's regulatory scheme precludes plaintiffs from being employed in their respective positions with an SDL internship certificate. The regulation governing Internship Certificates permits their issuance to candidates who have completed "at least one-half of the semester hour requirement of an approved graduate program that focuses on school leadership and includes an internship experience." 8 N.Y.C.R.R. § 80-5.9(a). There is no dispute that both plaintiffs have satisfied these requirements and are thus both eligible to obtain and work under an SDL Internship Certificate. And under *Matter of Coughlin,* "this certificate is recognized by [SED] as a valid credential authorizing the holder to act within the area of service [*i.e.*, school leadership] for which the certificate is valid."

Accordingly, the School District is mistaken to claim that only a permanent (i.e., professional) or Transitional D Certificate would have validated their employment. *See, e.g.*, ECF No. 136-2 (the School District's Mem. of Law in *Williams*, at 5). The regulation governing the "Trans D" certificate, 8 N.Y.C.R.R. § 80-5.15, is merely one of a few

alternate routes to qualifying applicants, and nothing in the language of that regulation precludes plaintiffs from utilizing the Internship Certificate instead.

Second, SED does not agree with the School District's claim that the District may reject plaintiffs' Internship Certificates because the District was unable to give the requisite "appropriate supervision." As SED Deputy Counsel Baldwin explains in the accompanying declaration, the fact that some supervision from defendant and the plaintiffs' educator preparation program faculty alike is required does not defeat the acceptability of the internship certificate.

In particular, the regulations provide that SDL internship experiences must "be supervised by certified school district leaders and by program faculty who have preparation and expertise in supervision related to school district leadership." 8 N.Y.C.R.R. 52.21(c)(3)(v)(a)(3). Indeed, to the extent that defendant takes the position that a Transitional D Certification (under 80-5.15) would have been acceptable for plaintiffs' employment (*see* defendant's Memorandum of Law in support of summary judgment at p. 5), SED notes that while SUNY Oswego did not have a registered Transitional D program, mentoring and

14

supervision is likewise required under that pathway. *See e.g.*, 8 N.Y.C.R.R. 80-5.15(a)(2)(iii) ("…[t]he candidate shall submit satisfactory evidence of a written commitment from a school district or BOCES for district mentored and college supervised employment as a school district leader under the transitional D certificate…").

In SED's view, the School District is fully capable of providing the requisite supervision. Nor does the Internship Certificate and plaintiffs' status as interns under the program prevent plaintiffs from conducting employee evaluations as required by their positions, as set forth above.

Finally, SED does not share the School District's narrow reading of the internship regulation. The School District's reliance for this purpose on a March 25, 2014 email from Benjamin Downs, a former SED employee, is misplaced. ECF No. 136-15 (attached as Ex. C to Aaron Baldwin's declaration). *See* ECF No. 136-2 (the School District's Mem. of Law in *Williams*, at 7-8). As Deputy Counsel Baldwin explains (Baldwin Dec. ¶12), the March 25, 2014 email from Downs stating that plaintiffs "cannot work under an Internship Certificate," was corrected the following day by Downs' supervisor, a former SED employee named Rick James, whose initials ("rj") appear at the end of an email from a general

15

SED email address. ECF No. 136-15, at 15. In that same email, James provided several links in support of SED's position that the SDL internship certificate—the internship certificate obtained by plaintiffs—would satisfy plaintiffs' obligation to obtain the proper certification, including a link to the *Matter of Coughlin* decision discussed above. James also highlighted the Commissioner's ruling in that decision—which applies with equal force here—that "an internship certificate is recognized by [SED] as a valid credential authorizing the holder to act within the area of service for which the certificate is valid." (Docket No. 136-15, at 1-2).

In any event, to the extent that there was any confusion as to SED's position, SED now clarifies that in its view, plaintiffs' possession of a SDL Internship Certificate satisfies their obligation to maintain the proper certification for their positions.

**CONCLUSION**

As requested by the Court, the foregoing reflects the Department's interpretation of Section 80-5.9.

Dated:      Albany, NY
            January 20, 2022

Respectfully submitted,

LETITIA JAMES
  *Attorney General*
  *State of New York*
Attorney for Amicus Curiae State
Education Department

By:  /s/ Matthew D. Brown
     MATTHEW D. BROWN
     Assistant Attorney General

JEFFREY W. LANG
  *Deputy Solicitor General*
OWEN DEMUTH
  *Assistant Solicitor General*
MATTHEW D. BROWN
  *Assistant Attorney General*
     *of Counsel*

The Capitol
Albany, New York 12224
(585) 327-3257
matthew.brown@ag.ny.gov

17